IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00250-BNB

PAUL W. DRIGGERS,

    Plaintiff,

v.

THE HONORABLE BENJAMIN SIMPSON,
THE HONORABLE CLARK PETERSON,
LAUREN HAYDEN, and
KAREN VASSALLO,

    Defendants.

ORDER OF DISMISSAL

    Plaintiff, Paul Driggers, is a prisoner in the custody of the federal Bureau of Prisons (BOP). He is incarcerated at the Federal Correctional Institution in Seagoville, Texas. He has filed *pro se* a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 alleging that his rights under the United States Constitution and other federal statutes were violated during the course of a state child custody proceeding.

    Mr. Driggers has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 and has paid an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Driggers' filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id*. For the reasons set forth below, the complaint and the action will be dismissed.

As noted above, Mr. Driggers asserts that his constitutional and federal statutory rights were violated during the course of state child custody proceedings. He alleges the following facts in his Complaint. In 2004, an Idaho court granted Plaintiff full legal custody of his three children after he was divorced from his wife, Defendant Vassallo. On August 2, 2006, Mr. Driggers was arrested and detained on a federal charge that he attempted to murder his ex-wife. He was later convicted and sentenced to ten years imprisonment with the BOP. In early 2008, Defendant Vassallo petitioned the state district court in Idaho for a modification of the custody order to obtain full custody of the children. In May 2008, the Idaho Department of Health and Welfare (IDHW) petitioned the state court for termination of Plaintiff's parental rights. Defendant Simpson scheduled a hearing on the change of custody petition. Mr. Driggers appeared telephonically at the hearing on July 8, 2008, from the federal facility in Florence, Colorado, where he was then incarcerated. Defendant attorney Hayden represented Defendant Vassallo in the change of custody proceeding. Plaintiff alleges that

Defendant Judge Simpson persuaded him to relinquish custody of his children during the remainder of his term of incarceration.  Defendant Simpson then issued a written Order Based on Stipulation on July 9, 2008.   The July 9 order provides that Plaintiff agreed to temporarily relinquish custody of the children to Defendant Vassallo during the term of his incarceration, but that he would be free to communicate with the children through letters routed through the (IDHW) and then to Defendant Vassallo for distribution to the children.   Compl., Ex. 1(b).  Plaintiff states that he disagreed with the written order as "fraudulent" because it gave his ex-wife ultimate control over his ability to contact his children.  However, his efforts to over-turn the order in the state court were unsuccessful.  In 2010, Mr. Driggers hired a lawyer who filed a petition for modification of the July 9 order.   The petition for modification was heard before Defendant Magistrate Judge Peterson on February 28, 2011.  Defendant Peterson denied Plaintiff's motion to appear at the hearing by telephone and further told Plaintiff that because Defendant Vassallo had sole custody of the children she was under no legal obligation to allow Plaintiff contact.  Defendant Peterson further directed Plaintiff to stop inundating the court with frivolous motions and pleadings.  Mr. Driggers alleges that he has been denied all contact with his children for approximately five and a half years.

   Mr. Driggers asserts in the Complaint that all of the Defendants participated in an unlawful conspiracy to deprive him of his child custody rights, in violation of his constitutional rights; 18 U.S.C. §§ 1961 and 1962 of the Racketeer Influenced and Corrupt Organizations Act (RICO) (based on predicate acts of mail and wire fraud under 18 U.S.C. §§1341 and 1343); 18 U.S.C. § 1951 (Hobbs Act); and, 15 U.S.C. § 12-27

[sic] (Clayton Act).  He further claims that Defendants obstructed justice in violation of 18 U.S.C. § 1503 and retaliated against him in violation of 18 U.S.C. § 1513.  He asks the Court to enjoin Defendants Simpson and Clark from enforcing the July 9 custody order and requests monetary relief against Defendants Hayden and Vassallo.

This Court is not the proper venue to adjudicate Mr. Driggers' claims.  The Defendants reside outside the State of Colorado and the alleged violations of Plaintiff's constitutional and federal statutory rights occurred outside of Colorado.  Under 28 U.S.C. § 1391, paragraph (b) states:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

Therefore, the claim is not properly before this Court and is subject to *sua sponte* dismissal.  *See Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006).  Alternatively, the Court may exercise its discretion to cure the venue defect by transferring claims to a district where venue is proper, if such a transfer is in the interest of justice.  *Id.* at 1222-23 (citing 28 U.S.C. §§ 1406(a) and 1631).  The Court declines to transfer the claims in lieu of dismissal, however, for the reasons outlined below.

First and foremost, the claims that Mr. Driggers asserts in his Complaint are subject to dismissal for lack of subject matter jurisdiction.  Plaintiff asks the Court to enjoin Defendants Simpson and Peterson from enforcing the July 9 state court custody

order.  The *Rooker-Feldman* doctrine precludes the lower federal courts from reviewing the final decisions of state tribunals. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, (1983); *see also Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147 (10th Cir. 2004).  The *Rooker-Feldman* doctrine also bars claims that are "inextricably intertwined" with a prior state court judgment.  *See Feldman*, 460 U.S. at 482 n.16.  "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield*, 389 F.3d at 1147-48.  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id*. at 1148; *see also Mann v. Boatright,* 477 F.3d 1140 (10th Cir. 2007) (claim is "inextricably intertwined" with the state court judgment where success in federal district court would require court "to review and reject" that judgment).  According to the Complaint, the majority of the defendants' alleged misconduct occurred during the course of Plaintiff's Colorado child custody proceedings.  Plaintiff challenges the validity of the state court custody order as being the product of Defendants' conspiracy to deprive him of his custody rights.  For Plaintiff to prevail on his claims, the federal district court would have to review, and ultimately reject, the state custody order issued by Defendant Simpson.  Therefore, the claims are subject to dismissal for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

The Court further finds that, to the extent the state custody proceeding is pending in the Idaho state courts, his claims are subject to dismissal pursuant to the *Younger* abstention doctrine.  *See Younger v. Harris*, 401 U.S. 37 (1971).  That doctrine

"requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003). It is beyond dispute that child custody proceedings implicate important state interests. *See Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) ("It is well-established that federal courts lack jurisdiction over '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'") (quoting *In re Burrus*, 136 U.S. 586, 593-94 (1890) (first alteration in original)). And Plaintiff does not allege specific facts to show that the Idaho state court proceedings do not offer him an adequate opportunity to litigate any federal constitutional issues.

In addition to the jurisdictional defects, the Complaint suffers from several other infirmities. To the extent Plaintiff seeks monetary relief from Defendants Simpson and Peterson, who are state court magistrate judges, they are entitled to absolute immunity from liability, unless they acted in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Mr. Driggers' allegations that the state magistrate judges issued and enforced custody orders concern actions taken in their judicial capacities within the jurisdiction of the state court. As such, Defendants Simpson and Peterson are entitled to absolute immunity.

Furthermore, Defendants Hayden and Vassallo are private actors and therefore, cannot be held liable under 42 U.S.C. § 1983. *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("the under-color-of-state-law element of § 1983 excludes from

its reach merely private conduct, no matter how discriminatory or wrongful."). Plaintiff's allegations that Defendants Hayden and Vassallo have prevented him from having any contact with his children do not implicate state action. A § 1983 claim based on the conduct of private individuals is appropriate only if that conduct "is fairly attributable to the state." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (internal quotation marks and citations omitted); *see also Gallagher v. "Neil Young Freedom Concert*,*"* 49 F.3d 1442, 1453 (10th Cir.1995) (recognizing that the necessary state action may be present "if a private party is a 'willful participant in joint action with the State or its agents,'" quoting *Dennis v. Sparks*, 449 U.S. 24 (1980)). However, the issuance and enforcement of a custody degree by state court judicial officers does not meet this standard. *See Johnson v. Rodrigues*, 293 F.3d 1196, 1206 (10th Cir. 2002).

In addition, Mr. Driggers may not maintain claims against the Defendants for violation of criminal statutes. Title 18 U.S.C. §§ 1341, 1343, 1951, 1503, and 1513 do not provide him with a private cause of action for damages. *See*, *e.g.*, *Newcomb v. Ingle*, 827 F.2d 675, 676 n. 1 (10th Cir.1987) (recognizing that 18 U.S.C. § 241 is a criminal statute which does not provide for a private civil cause of action); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo. 1991) ("Private citizens generally have no standing to institute federal criminal proceedings.").

Finally, Mr. Driggers lacks standing to bring the RICO claims because he does not allege that he was injured in his business or property. *See Deck v. Engineered Laminates,* 349 F.3d 1253, 1257 (10th Cir. 2003) ("[A] plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962."). Plaintiff's claim under the Clayton Act fails because

he has not alleged an antitrust injury. *See Atl. Richfield Co. v. USA Petroleum, Co.,* 495 U.S. 328, 344 (1990); 15 U.S.C. §15(a). Accordingly, the Court finds that the interests of justice do not require the Court to transfer this case to the United States District Court for the District of Idaho.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and this action are DISMISSED without prejudice for lack of venue.

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED March 22, 2012 at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court